UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA BLANKENSHIP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-1087 (CEJ) |
| ) | |
| MEDTRONIC, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for reconsideration of the Court's order dismissing Count II of the third amended complaint or, in the alternative, for leave to file a fourth amended complaint. Defendant has responded in opposition, and the issues are fully briefed.

### I.  Background

Defendants Medtronic, Inc., Medtronic Sofamor Danek USA, Inc., Medtronic Vertelink, Inc., Medtronic Sofamor Danek, Inc., and Warsaw Orthopedic, Inc. (collectively "Medtronic") are in the business of designing, manufacturing, and selling medical devices, including the InFUSE™ Bone Graft/LT-CAGE™ Lumbar Tapered Fusion device (Infuse). On July 2, 2002, Infuse was approved by the Food and Drug Administration "for spinal fusion procedures in skeletally mature patients with degenerative disc disease (DDD) at one level from L4-S1 . . . to be implanted via an anterior open or an anterior laparoscopic approach." [Doc. ##57-1, 57-2]. On September 19, 2007, plaintiff underwent a cervical diskectomy and fusion at C4-5, C5-6 and C6-7, with instrumentation and placement of the Infuse bone graft at each

level. The use of Infuse in this surgery is considered to be "off-label" because the FDA has not approved Infuse for cervical placement. Plaintiff contends that she is permanently and totally disabled as a result of the off-label use of the device.

On September 13, 2012, plaintiff filed this action in the United States District Court for the Central District of California. On March 1, 2013, defendants moved to transfer the case to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a). Before the case was removed, a case management order was entered on March 11, 2013 in the Central District of California.

Also on March 11 plaintiff filed a second amended complaint asserting claims of manufacturing defect; failure to warn; design defect; negligence; strict liability; fraud; negligence per se; intentional misrepresentation; and violation of California's unfair competition law. Medtronic moved to dismiss all of the claims. On June 10, 2013, the case was transferred to this district. On March 25, 2014, the Court issued an order granting defendants' motion to dismiss. Blankenship v. Medtronic, Inc., Case No. 4:13-CV-1087 (CEJ), 2014 WL 1226491 (E.D. Mo. Mar. 25, 2014). However, the order also granted plaintiff leave to amend her fraud and intentional misrepresentation claims. Id. at *9-11.

On April 8, 2014, plaintiff filed a third amended complaint alleging fraud and intentional misrepresentation (Count I) and violations of the Missouri Merchandising Practices Act (MMPA), Mo. Stat. §§ 407.010, et seq. (Count II). [Doc. #97]. Defendants moved to dismiss this complaint, arguing that plaintiff had again failed to satisfy Rule 9(b)'s particularity requirement. On August 4, 2014, the Court denied the motion as to Count I but dismissed Count II because plaintiff had not requested leave to assert the new claim based on the MMPA and had not shown good cause. In

the instant motion, plaintiff requests the Court to reconsider the dismissal of the MMPA claim and allow it to file a fourth amended complaint reinstating that claim.

II. Discussion

In the instant motion, plaintiff argues that the Court's order dismissing the MMPA claim was based solely on the expiration of the deadline to amend pleadings in the original case management order entered by the United States District Court for the Central District of California. Plaintiff asserts that the scheduling order issued by the transferor court does not apply to the transferee court. She cites to Rule 60(a) of the Federal Rules of Civil Procedure, which permits a court to "correct a . . . mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Plaintiff also relies upon Rule 15(a), which allows a party to amend its pleadings before trial once as a matter of course within a prescribed amount of time, and subsequently with the opposing party's written consent or the court's leave.

Plaintiff is incorrect to argue that she still has the right to amend under Rule 15(a). In the Eighth Circuit, after a complaint is dismissed, the right to amend under Rule 15(a) terminates. <u>Dorn v. State Bank of Stella</u>, 767 F.2d 442, 443 (8th Cir. 1985). A district court, in its discretion, may still grant leave to amend after it dismisses a complaint, but "unexcused delay by the plaintiff in seeking to amend is sufficient to justify the court's denial." <u>In re NationsMart Corp. Sec. Litig.</u>, 130 F.3d 309, 322-23 (8th Cir. 1997). The Court dismissed plaintiff's second complaint in its entirety on March 25, 2014. In that order, plaintiff was granted leave to amend, if possible, her fraud-based claims in attempt to satisfy Rule 9(b)'s particularity requirement. Plaintiff was not granted leave to assert any new claims in the

amended complaint.  Blankenship v. Medtronic, Inc., Case No. 4:13-CV-1087 (CEJ), 2014 WL 3818485 (E.D. Mo. Aug. 4, 2014) ("The order was not intended as an open invitation for plaintiff to raise an additional claim.").  The Court, in its discretion, may now refuse to allow further amendment of the pleadings when "no valid reason is shown for the failure to present the new theory at an earlier time."  Humphreys v. Roche Biomedical Labs, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993) (quoting Littlefield v. City of Afton, 785 F.2d 596, 610 (8th Cir. 1986)).

Since the initial complaint filed on September 13, 2012, plaintiff has asserted claims of fraud and intentional misrepresentation, the underlying facts of which she contends provide a basis for her MMPA claim.  Additionally, she is a resident of Missouri and the surgery giving rise to her injuries occurred in Missouri.  Plaintiff therefore could have asserted the MMPA claim as early as two years prior in these proceedings.  See, e.g., In re Sony Gaming Networks and Customer Data Sec. Breach Litig., 996 F. Supp. 2d 942, 999-1000 (S.D. Cal. 2014) (demonstrating that California courts entertain MMPA claims brought by Missouri residents or involving transactions taking place in Missouri).

Furthermore, plaintiff knew the case was being transferred to this Court on June 7, 2013.  She did not attempt to add the MMPA claim, however, until she filed her third amended complaint on April 8, 2014 in response to the order of dismissal. Plaintiff had nearly ten months between the date the case was transferred and the date on which most of her claims were dismissed to assert this statutory claim.  The Court's order granting plaintiff leave to re-plead her fraud-based claims with particularity was a limited grant.  Blankenship, 2014 WL 1226491 at *10 (stating

that "[p]laintiff is granted leave to amend, if possible, *these* fraud-based claims") (emphasis added).

At this stage in the litigation, the complaint has been amended three times and multiple motions to dismiss have been filed and ruled. Regardless of whether or not the proposed amendment is futile, plaintiff has not proffered an adequate explanation as to why the claim could not have been made earlier. The Court thus will not allow the plaintiff to add a new claim at this stage in the proceedings. See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065-66 (8th Cir. 2005) (holding the district court was justified in denying leave to amend when the court had already twice granted leave to amend and "numerous motions to dismiss had already been briefed and ruled, and discovery in the matter was now well underway").

Because the Court concludes that plaintiff did not have the right to assert the MMPA claim in the third amended complaint, it is unnecessary to address plaintiff's argument regarding the application of the transferor court's case management order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration or, in the alternative, for leave to amend [Doc. #117] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2014.